**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| EURÍPIDES DEL VILLAR-ROSARIO | \* |
| Plaintiff | \* |
| v. | \* Civil No. 06-2089(SEC) |
| PUERTO RICO DEPARTMENT OF JUSTICE, et al. | \* |
| Defendants | \* |

**OPINION AND ORDER**

Pending before the Court are Defendants' Motions to Dismiss (Docket ## 13 & 21) and Plaintiff's oppositions thereto (Docket ## 27 & 29). After reviewing the filings and the applicable law, the appearing Defendants' Motions to Dismiss will be **GRANTED**.

**Standard of Review**

*Fed. R. Civ. P. 12(b)(6)*

In assessing whether dismissal for failure to state a claim is appropriate, "the trial court, must accept as true the well-pleaded factual allegations of the complaint, draw all reasonable inferences therefrom in the plaintiff's favor, and determine whether the complaint, so read, limns facts sufficient to justify recovery on any cognizable theory." LaChapelle v. Berkshire Life Ins. Co., 142 F.3d 507, 508 (1st Cir. 1998) (citations omitted). In judging the sufficiency of a complaint, courts must "differentiate between well-pleaded facts, on the one hand, and 'bald assertions, unsupportable conclusions, periphrastic circumlocution, and the like,' on the other hand; the former must be credited, but the latter can safely be ignored." LaChapelle, 142 F.3d at 508 (quoting, Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996)). See also, Rogan v. Menino, 175 F.3d 75, 77 (1st Cir. 1999). Therefore, "even under the liberal pleading standards of Federal Rule of Civil Procedure 8, the Supreme Court has recently held that to survive a motion to dismiss, a complaint must allege 'a

**Civil No. 06-2089(SEC)**                                                                                              2

plausible entitlement to relief.'" Rodríguez-Ortíz v. Margo Caribe, Inc., -- F 3d --, 2007 WL 1732883 (1st Cir. 2007).

**Factual and Procedural Background**

Plaintiff, Eurípides Del Villar-Rosario, filed the above-captioned complaint against Defendants, and requested leave to proceed *in forma pauperis*. See, Docket ## 1 & 2. The Court granted this request at Docket # 3. The Puerto Rico Department of Justice, and Judge María C. Sanz-Martínez filed a Motion to dismiss on May 14, 2007. Docket # 13. The Municipality of Guaynabo filed their Motion to Dismiss at Docket # 21. Defendants moved to have their previous Motions to Dismiss be deemed unopposed at Docket ## 22 & 24. On November 28, 2007, Plaintiff filed two Motions for extension of time to file documents. See, Docket ## 25 & 26. Finally, on December 14, 2007, Plaintiff filed his Opposition to the Motions to Dismiss. Docket # 27. This was quickly followed by the Municipality of Guaynabo's Motion to Strike (Docket # 28), to which Plaintiff replied in opposition to (Docket # 29) on January 11, 2008.

We face a serious epistemological quandary when trying to piece together the facts of the case from Plaintiff's filings. His complaint is a combination of inscrutable statements, and conclusory allegations. All his additional filings suffer from this shortcoming. Since these filings oscillate between being inapposite to being incomprehensible, the Court's attempts to incorporate them into the instant Opinion and Order have been mostly unsuccessful. As a result, we will narrate the factual background of the case from what little information we could gleam from Plaintiff's filings and from the accounts provided by the Defendants in theirs.

Plaintiff's partner of twenty-five (25) years, María M. Lopez-Arroyo, brought a domestic violence complaint against him. Docket ## 2, p. 2; 13, p. 8. As a result, municipal judge María C. Sanz-Martínez issued a protection order pursuant to Puerto Rico Law 54 of August 15, 1989, 8 L.P.R.A. § 601 *et seq*. Docket # 13, p. 8. Then, another municipal judge

**Civil No. 06-2089(SEC)**                                                                                              3

entered an order for Plaintiff to pick up his belongings while accompanied by a police agent. Id. On the morning of October 27, 2005, a police agent intervened to enforce the order. Docket # 2, p.1. Plaintiff was kept out of the house for about three hours and was only allowed to enter to claim his personal possessions accompanied by police. Id. at 1-2. Plaintiff then filed suit for damages in the amount of $ 25,000,000.00. Docket #2, p. 3.

**Applicable Law and Analysis**

*Section 1983*

Section 1983 in itself does not confer substantive rights, but provides a venue for vindicating federal rights elsewhere conferred. See, Graham v. M.S. Connor, 490 U.S. 386, 393-394 (1989). In order to establish liability under Section 1983, a plaintiff must first show that "the conduct complained of was committed by a person acting under color of state law." Gutiérrez Rodríguez v. Cartagena, 882 F.2d 553, 559 (1st Cir. 1989); Saugus v. Voutour, 474 U.S. 1100 (1986); Voutour v. Vitale, 761 F.2d 812, 819 (1st Cir. 1985).

Second, plaintiff must show that the defendant's conduct deprived him of his rights, privileges or immunities secured by the Constitution or laws of the United States. See, Gutiérrez Rodríguez, 882 F.2d at 559. This second prong has two aspects: 1) there must have been an actual deprivation of the plaintiff's federally protected rights; and 2) there must have been a causal connection between the defendant's conduct and the deprivation of the plaintiff's federal rights. See, Gutiérrez Rodríguez, 882 F.2d at 559; Voutour, 761 F.2d at 819. In turn, this second element of causal connection requires that the plaintiff establish for each defendant: 1) that the defendant's own actions deprived the plaintiff of his/her protected rights, Monell v. Department of Social Services, 436 U.S. 658, 694 n. 58 (1978); Gutiérrez Rodríguez, 882 F.2d at 562; Figueroa v. Aponte-Roque, 864 F.2d 947, 953 (1st Cir. 1989); and 2) that the defendant's conduct was intentional, Simmons v. Dickhaut, 804 F.2d 182, 185 (1st Cir. 1986), grossly negligent, or amounted to a reckless or callous indifference to the plaintiff's constitutional rights. See, Gutiérrez Rodríguez, 882 F.2d at 562.

**Civil No. 06-2089(SEC)** 4

*Eleventh Amendment Immunity Defense*

The Eleventh Amendment to the United States Constitution provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State. U.S. Const. amend. XI.

Although the Eleventh Amendment literally seems to apply only to suits against a State by citizens of another State, the United States Supreme Court (Supreme Court) has consistently extended the scope of this Amendment to suits by citizens against their own State. See, Board of Trustees of the Univ. of Ala. v. Garrett, 121 S. Ct. 955, 962 (2001); see also, Kimel v. Fla. Bd. of Regents, 528 U.S. 62, 72-73 (2000); Hans v. Louisiana, 134 U.S. 1, 15 (1890). Even though the Commonwealth of Puerto Rico is not a state, it enjoys the protection of the Eleventh Amendment. See, Jusino-Mercado v. Commonwealth of Puerto Rico, 214 F.3d 34, 37 (1st Cir. 2000); Ortíz-Feliciano v. Toledo Dávila, 175 F.3d 37, 39 (1st Cir. 1999); Futura Development v. Estado Libre Asociado. 144 F.3d 7,12-13 (1st Cir. 1998); Culebras Enters. Corp. v. Rivera Ríos. 838 F.2d 506, 516 (1st Cir. 1987); Ramírez v. Puerto Rico Fire Servs., 715 F.2d 694, 697 (1st Cir. 1984).

The Supreme Court has established that the Eleventh Amendment protection primarily furthers two goals: the protection of a state's treasury and the protection of its dignitary interest of not being haled into federal court. Fresenius Med. Care Cardiovascular Res., Inc. v. P.R. & the Caribbean Cardiovascular Ctr. Corp., 322 F.3d 56, 61 (1st Cir. 2003) (citing, Fed. Mar. Comm'n v. S.C. State Ports Auth., 535 U.S. 743 (2002)). However, the Eleventh Amendment immunity is not absolute and may be waived by the state or "stripped away" by Congress. Metcalf & Eddy v. P.R.A.S.A., 991 F.2d 935, 938 (1st Cir. 1993). There are four (4) circumstances in which the Eleventh Amendment protection unravels: (1) when a state consents to be sued in a federal forum; (2) when a state waives its own immunity by statute or the like; (3) when Congress abrogates state immunity ("so long as it speaks clearly and acts in furtherance of particular powers"); and (4) when, provided that circumstances allow,

**Civil No. 06-2089(SEC)**                                                                                                          5

other constitutional imperatives take precedence over the Eleventh Amendment's protection. Id. at 938 (citations omitted).

The Eleventh Amendment bar extends to governmental instrumentalities which are an arm or "alter ego" of the State. See, Ainsworth Aristocrat Int'l Pty. Ltd. v. Tourism Co. of P.R., 818 F.2d. 1034, 1036 (1st Cir. 1987); Ochoa Realty Corp. v. Faría, 618 F. Supp. 434, 435 (D.P.R. 1985); Pennhurst State Sch. Hosp. v. Halderman, 465 U.S. 89, 100 (1984); Mt. Healthy City Sch. Dist. v. Doyle, 429 U.S. 274, 280-281 (1977); Ursulich v. P.R. Nat'l Guard, 384 F. Supp. 736, 737-38 (D.P.R. 1974). In addition, the Eleventh Amendment also protects state officials in their official capacity. The rationale behind this extension of the Eleventh Amendment protection is that a claim against a state official in his or her official capacity for monetary relief is an action for the recovery of money from the State. Ford Motor v. Dept. of Treasury, 323 U.S. 459 (1945); Will v. Michigan Dept. of State Police, 109 S. Ct. 2304 (1989).  Hence, a claim against a state official in her official capacity for monetary relief is, in essence, a claim against the State.

The Puerto Rico Department of Justice is a governmental instrumentality which is an arm or "alter ego" of the Commonwealth of Puerto Rico and, as such, is entitled to Eleventh Amendment Immunity. See, Rosa-Ruiz v. Gonzalez-Galoffin, 2007 WL 2768694, 7 (D.P.R. 2007)

For the reasons stated above, all of Plaintiff's claims against the Puerto Rico Department of Justice, in so far as he seeks an award of damages, are **DISMISSED with prejudice**.

*Judge María C. Sanz-Martínez's Judicial Immunity Defense*

Generally, judges are immune from suits for monetary damages. Mireles v. Waco, 502 U.S. 9 (1991) (hereinafter "Mireles").  This is "an immunity from suit, not just from ultimate assessment of damages." Id. at 11.  There is no question that judicial immunity applies in full force to actions brought under the aegis of 42 U.S.C. §1983. See, Pierson v. Ray, 386 U.S. 547, 554-555 (1967).  In any such action, judicial immunity will require dismissal of the claims against the defendant judge so long as her actions may fairly be

**Civil No. 06-2089(SEC)**                                                                                             6

described as judicial in nature and were taken while she was vested with jurisdiction.  See, Mireles, 502 U.S. at 11-12 ("immunity is overcome in two sets of circumstances[:] [f]irst, a judge is not immune from liability for nonjudicial actions... [s]econd, a judge is not immune from actions, though judicial in nature, taken in the complete absence of all jurisdiction") (citations omitted).

An action is judicial in nature if "it is a function normally performed by a judge, and to the expectations of the parties, *i.e.,* whether they dealt with the judge in his judicial capacity."  Id. at 12.  (quoting, Stump v. Sparkman, 435 U.S. 349, 362 (1978)); see also, Badillo -Santiago v. Andreu-García, 70 F. Supp. 2d 84, 91 (D.P.R. 1999) ("Acts are judicial in nature if they are (1) normal judicial functions (2) that occurred in the judge's court or chambers and (3) centered around a case pending before a judge.") (citing, Brewer v. Blackwell, 692 F.2d 387, 396-397 (5th Cir. 1982)).  As for jurisdiction, judicial immunity will not unravel unless the judge acts in the complete absence of all jurisdiction.  Mireles, 502 U.S. at 12 (citing, Stump v. Sparkman, 435 U.S. at 356-57 and Bradley v. Fisher, 80 U.S. at 351).  Judicial immunity applies even in the face of allegations of malice and corruption by the defendant judge.  See, Bradley v. Fisher, 80 U.S. 335, 354 (1871) ("The allegation of malicious or corrupt motives could always be made, and if the motives could be inquired into judges would be subjected to the same vexatious litigation upon such allegations, whether the motives had or had not any real existence.").

As may be seen from the above cited case law, judges enjoy "a comparably sweeping form of immunity."  Forrester v. White, 484 U.S. 219, 225 (1988).  This immunity was well known at common law, and apparently originated in the Middle Ages.  Id. (citing, Block, *Stump v. Sparkman and the History of Judicial Immunity*, 1980 Duke L.J. 879).   The U.S. Supreme Court has justified judicial immunity in light of its salutary effects for the judicial system and the public in general: it discourages "inappropriate collateral attacks" and protects both "the finality of judgments" and "judicial independence", the latter one "by insulating judges from vexatious actions prosecuted by disgruntled litigants".  Id. (citing, Bradley, 13

**Civil No. 06-2089(SEC)**                                                                                                      7

Wall. at 347). Judicial immunity allows judges the necessary liberty "to exercise their independent judgment about the merits of a case without fear of being mulcted for damages should an unsatisfied litigant be able to convince another tribunal that the judge acted not only mistakenly but with malice and corruption". Dennis v. Sparks, 449 U.S. 24, 30 (1980) (citing, Pierson v. Ray, 386 U.S. 547, 554 (1967); Bradley v. Fisher, 13 Wall. at 349, 350).

Nowhere in the record is it claimed or indicated that Judge María C. Sanz-Martínez acted outside of her jurisdiction or any other capacity than as a judge. As long as her activities remained within the scope of her jurisdiction and that of judicial activity, she is entitled to absolute immunity.

For the reasons stated above, all claims against the Judge María C. Sanz-Martínez are **DISMISSED with prejudice**.

Defendants move to dismiss Plaintiff's claims pursuant to the First, Fourth, Fifth, Eighth, and Fourteenth Amendments of the United States Constitution. We address their arguments below.

*Plaintiff's First Amendment Claim*

The First Amendment to the United States Constitution provides:

> Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the government for a redress of grievances. U.S. Const. amend. I.

Ironically, the Court is at a loss for words when attempting to divine the possible nature of Plaintiff's First Amendment claim. Plaintiff at no point declares what act or omission by the Defendants breached his First Amendment rights. We can only speculate that his claim relates to freedom of speech and not to the exercise clause and other parts of the Amendment. Since there is no allegation that his protected speech was in any way unduly curtailed or that he was retaliated against for exercising his right to engage in protected speech, we see no actionable claims here. Therefore, Plaintiff's First Amendment claims are **DISMISSED with prejudice**.

**Civil No. 06-2089(SEC)**                                                                                                          8

*Plaintiff's Fourth Amendment Claims*

Plaintiff's complaint also concludes that an illegal search and seizure took place. The Fourth Amendment, which applies to Defendants through the Fourteenth Amendment, protects "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. Plaintiff's Fourth Amendment rights are only implicated if Defendants' conduct infringed "an expectation of privacy that society is prepared to consider reasonable." O'Connor v. Ortega, 480 U.S. 709, 715 (1987), quoting United States v. Jacobsen, 466 U.S. 109, 113 (1984).

The Fourth Amendment also offers protection against the excessive use of force in the course of an arrest. In Graham v. Connor, 490 U.S. 386 (1989), the Supreme Court held that "*all* claims that law enforcement officers have used excessive force-deadly or not-in the course of an arrest, investigative stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard." Id. at 395.

At no point in his complaint does Plaintiff allege that his property was searched or seized in violation of any expectation of privacy by any member of the police. Plaintiff also fails to allege any excessive force in the police intervention. The police agents present at the scene simply kept him from entering the house until they than escorted him into the house while he picked up his belongings. As a result, Plaintiff's Fourth Amendment claims are **DISMISSED with prejudice**.

*Plaintiff's Fifth Amendment Claims*

Defendants further move the Court to dismiss Plaintiff's Fifth Amendment claims, also for failure to state a claim for which relief can be granted. The Fifth Amendment provides that "[n]o person shall... be deprived of life, liberty, or property, without due process of law..." U.S. Const. Amend. V; see also, Gerena v. Puerto Rico Legal Services, 697 F. 2d 447, 449 (1st Cir. 1983). However, this amendment applies to actions of the **federal government**, not those of private individuals, or of state, local or municipal governments. Id. at 449; see also, Martínez-Rivera v. Sánchez-Ramos, 498 F. 3d 3, 8 (1st Cir. 2007)

**Civil No. 06-2089(SEC)** 9

(affirming a *sua sponte* dismissal of Plaintiffs' claims under the Fifth Amendment because the police officers where state actors and not federal actors). Because Plaintiff's complaint does not allege that any of the Defendants are federal actors, his claims pursuant to the Fifth Amendment are hereby **DISMISSED with prejudice.**

*Plaintiff's Eighth Amendment Claims*

Defendants argue that Plaintiff's claims pursuant to the Eight Amendment must be dismissed because the allegations set forth in the complaint shows that Plaintiffs fail to state a claim thereunder. We agree. The Supreme Court has stated that this amendment, applicable to the states through the Fourteenth Amendment, "prohibits the infliction of cruel and unusual punishments on **those convicted of crimes**." Wilson v. Seiter, 501 U.S. 294, 296-97 (1991)(emphasis added); see also, Martínez-Rivera, 498 F. 3d at 8. That is, the Eighth Amendment only comes into play after there has been a formal adjudication of guilt, through a criminal prosecution, in accordance with due process of law. Martínez-Rivera, 498 F. 3d at 8 (stating that "because there had been no formal adjudication of guilt against [Plaintiffs] at the time of the alleged constitutional deprivation, the Eighth Amendment is inapplicable and any claim brought on that theory was properly dismissed.") The amendment also covers "deprivations that were not specifically part of the sentence but were suffered during imprisonment." Id. at 297. Furthermore, "only the unnecessary and wanton infliction of pain implicates the Eight Amendment." Id. (internal citations omitted).

Plaintiff has not alleged that he was convicted and imprisoned after a formal process of adjudication, and subjected to unnecessary and wanton infliction of pain as punishment. As such, he has failed to state a claim cognizable under the Eighth Amendment. Even under the forgiving standard applicable to a Rule 12(b)(6) motion, Plaintiff is still required to set forth facts that show a plausible entitlement to relief. See, Margo Caribe, Inc., 490 F 3d at 95. Plaintiff has not. Therefore, Plaintiffs' claims under the Eighth Amendment are hereby **DISMISSED with prejudice.**

*Plaintiff's Fourteenth Amendment Claims*

**Civil No. 06-2089(SEC)** 10

Under the Fourteenth Amendment of the Constitution, no State shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. In order to establish a procedural due process claim under 42 U.S.C. § 1983, Plaintiff must first prove that he has a property interest as defined by state law and, second, that Defendants, acting under color of state law, deprived him of that property interest without a constitutionally adequate process. See, Logan v. Zimmerman Brush Co., 455 U.S. 422, 428 (1982); PFZ Properties, Inc. v. Rodríguez, 928 F.2d 28, 30 (1st Cir. 1991).

In the instant case Plaintiff does not allege at any point that he had a property interest under the laws of the Commonwealth of Puerto Rico, that such an interest was in turn abrogated by the actions of the Defendants as agents of the state, and that any mechanisms used to deprive him of his property were constitutionally inadequate. Plaintiff's Fourteenth Amendment claims are thus **DISMISSED with prejudice**.

*Defendant María M. López-Arroyo*

María M. López-Arroyo, Plaintiff's alleged twenty-five (25) year companion, has not as of yet answered the complaint. However, when a plaintiff seeks to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (a), the Court may dismiss the Plaintiff's case if satisfied that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See, 28 U.S.C. § 1915 (e). A claim is frivolous within the meaning of § 1915 (d) if it is "based on an indisputably merit less legal theory," lacking "even an arguable basis in law." Neitzke v. Williams, 490 U.S. 319, 327 (1989) (explaining that *sua sponte* dismissal under 28 U.S.C. § 1915 is warranted only if a complaint is "based on an indisputably merit less legal theory" or is "clearly baseless"). See, González-González v. U.S.A., 257 F.3d 31 (1st Cir. 2001). Plaintiff claimed indigence, filed an application to proceed *in forma pauperis,* and this request was granted. Thus, the Court may at its discretion dismiss the case if it is satisfied one of the above mentioned reasons is present.

The instant case was brought under Section 1983, which requires that defendants act

**Civil No. 06-2089(SEC)** 11

under color of law in order for plaintiffs to recover thereunder. Nowhere in the complaint is it claimed that María M. López-Arroyo acted under color of law. She was simply a private citizen that brought a complaint against another private citizen. As such, there are no grounds to bring a Section 1983 suit against her in the present matter. Therefore, Defendant's claims brought under section 1983 against her are hereby **DISMISSED with prejudice**.

**Conclusion**

Defendants' Motions to Dismiss (Docket ## 13 & 21), are hereby **GRANTED.** Plaintiff's claims pursuant to the First, Fourth, Fifth, Eighth, and Fourteenth Amendments are hereby **DISMISSED with prejudice.**

**SO ORDERED.**

In San Juan, Puerto Rico, this 3rd day of March, 2008.

                                                S/ *Salvador E. Casellas*
                                               SALVADOR E. CASELLAS
                                               United States Senior District Judge